IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

ALBERT FORDYCE, JR., DV-3465, )
    Petitioner, )
 )
    v. ) 2:09-cv-854
 )
KENNETH CAMERON, et al., )

Report and Recommendation

I. Recommendation;

It is respectfully recommended that the petition of Albert Fordyce, Jr. for a writ of habeas corpus be dismissed, and because reasonable jurists could not conclude that a basis for appeal exists, that a certificate of appealability be denied.

II. Report:

Albert Fordyce, Jr., an inmate at the State Correctional Institution at Cresson has presented a petition for a writ of habeas corpus.[1] Fordyce is presently serving a twenty-seven to fifty-four year sentence imposed following his conviction, by a jury, of indecent assault, rape, statutory rape, involuntary deviate sexual intercourse, unlawful restraint, aggravated indecent assault, corrupting children and indecent assault at Nos. 63-cr-2294-1997, 63-cr-2295-1997 and 93-cr-2302-1997 in the Court of Common Pleas of Washington County, Pennsylvania.[2] This

---

[1] The petition was originally filed in the Eastern District of Pennsylvania on May 20, 2009, and transferred to this Court on May 29, 2009.

[2] See: Petition at ¶¶ 1-6.

1

sentence was imposed on December 18, 1998.[3]

A timely appeal was taken to the Superior Court and on February 1, 2000, the Superior Court affirmed the judgment of sentence.[4] Leave to appeal to the Pennsylvania Supreme Court was not sought.[5]

On July 28, 2000, Fordyce filed a timely post-conviction petition.[6] As recounted in the answer, several counsel were appointed to represent the petitioner and all sought leave to withdraw, the Court of Common Pleas ultimately dismissed the petition and a notice of appeal to the Superior Court was filed on January 12, 2005. The Superior Court remanded the matter for a determination of whether or not counsel had abandoned the petitioner; it was determined that no abandonment had occurred and ultimately the Superior Court on April 15, 2008 remanded the matter with directions that counsel file an amended post-conviction petition. The latter was ultimately filed on August 27, 2009 and is now pending before the Court of Common Pleas.[7]

The instant petition was executed on April 30, 2009 , prior to the filing of the amended post-conviction petition. In the instant petition, Fordyce contends he is entitled to relief on the grounds of inordinate delay in disposing of his post-conviction petition, the denial of the

---

[3] See: Answer of the Commonwealth at ¶ 4 and the docket of the Court of Common Pleas.

[4] Id. at ¶ 5.

[5] Id.

[6] See. Petition at ¶ 11(a) and Answer at ¶ 6.

[7] See: Answer of the Commonwealth at ¶¶ 6-13. Additional chronological information was secured from the docket of the Court of Common Pleas of Washington County.

effective assistance of counsel and the denial of his right to confrontation.[8]

It is provided in 28 U.S.C. §2254(b) that:

An application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that the applicant has exhausted the remedies available in the courts of the State, or that there is either an absence of available State corrective process or the existence of circumstances rendering such process ineffective to protect the rights of the prisoner.

This statute represents a codification of the well-established concept which requires that before a federal court will review any allegations raised by a state prisoner, those allegations must first be presented to that state's highest court for consideration. Preiser v. Rodriguez, 411 U.S. 475 (1973); Braden v. 30th Judicial Circuit Court of Kentucky, 410 U.S. 484 (1973); Doctor v. Walters, 96 F.3d 675 (3d Cir. 1996).

It is only when a petitioner has demonstrated that the available corrective process would be ineffective or futile that the exhaustion requirement will not be imposed. Preiser v. Rodriguez, supra.; Walker v. Vaughn, 53 F.3d 609 (3d Cir. 1995).

If it appears that there are available state court remedies, the court must determine whether a procedural default has occurred. If a procedural default has occurred, the court must determine whether cause or prejudice exists for the default, or whether a fundamental miscarriage of justice would result from a failure to consider the claims. Carter v. Vaughn, 62 F.3d 591 (3d Cir. 1995).

In construing § 2254(d)(1), the Court in Williams v. Taylor, 529 U.S. 362, 412-413 (2000) stated:

---

[8] See: Petition at ¶ 12.

Under § 2254(d)(1), the writ may issue only if one of the following two conditions is satisfied - the state-court adjudication resulted in a decision that (1) "was contrary to ... clearly established Federal law, as determined by the Supreme Court of the United States," or (2) "involved an unreasonable application of ... clearly established Federal law, as determined by the Supreme Court of the United States." Under the "contrary to" clause, a federal habeas court may grant the writ if the state court arrives at a conclusion opposite to that reached by this Court on a question of law or if the state court decides a case differently than this Court has on a set of materially indistinguishable facts. Under the "unreasonable application" clause, a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from this Court's decisions but unreasonably applies that principle to the facts of the prisoner's case.

In <u>Hameen v. Delaware</u>, 212 F.3d 226, 235 (3d Cir. 2000), the Court determined:

The Court in <u>Williams v. Taylor</u> held that "[u]nder the 'contrary to' clause, a federal habeas court may grant the writ if the state court arrives at a conclusion opposite to that reached by [the Supreme] Court on a question of law or if the state court decides a case differently than this Court has on a set of materially indistinguishable facts." <u>Williams v. Taylor</u>, further held that "[u]nder the 'unreasonable application' clause, a federal habeas court may grant the writ if the state court identifies the correct legal principle from [the Supreme] Court's decisions but unreasonably applies that principle to the facts of the prisoner's case." The "unreasonable application" inquiry requires the habeas court to "ask whether the state court's application of clearly established federal law was objectively unreasonable." Thus, under the "unreasonable application" clause, "a federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly. Rather, that application must also be unreasonable."  The Court in <u>Williams v. Taylor</u> made it clear that the "contrary to" and "unreasonable application"clauses have independent meaning.

In the instant case, while considerable delay has occurred much of it is attributable to the fact that petitioner is now being counseled by his fifth post-conviction attorney. However, an amended post-conviction petition was filed in the Court of Common Pleas on August 27, 2009, and one may assume that it will be timely disposed of by that court. Since there is no impediment to Fordyce seeking relief in the courts of the Commonwealth, and indeed his latest petition was filed in that court only a little over a week ago, his petition here is premature.

Accordingly, it is respectfully recommended that the petition of Albert Fordyce, Jr. for a writ of habeas corpus be dismissed, and because reasonable jurists could not conclude that a basis for appeal exists, that a certificate of appealability be denied.

Within the time limits set forth in the attached notice of electronic filing, any party may serve and file written objections to the Report and Recommendation. Any party opposing the objections shall have seven (7) days from the date of service of objections to respond thereto. Failure to file timely objections may constitute a waiver of any appellate rights.

                                                  Respectfully submitted,

                                                  s/Robert C. Mitchell,

Entered: September 8, 2009                United States Magistrate Judge